UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARREN PARKER,

              Plaintiff,

        -against-

TROOPER P.J. OHLERICH #3014; TROOPER
BENJAMIN SLOAT #762 (VGNET); VGNET
DRUG TASK FORCE,

              Defendants.

25-CV-6299 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that

Defendants violated his federal constitutional rights and the federal constitutional rights of other

individuals who are not plaintiffs in this action. Named as Defendants are New York State

Troopers P.J. Ohlerich and Benjamin Sloat, and "VGNET Drug Task Force," which the Court

understands to be the Violent Gang and Narcotics Enforcement Team of the New York State

Police. By order dated September 16, 2025, the Court granted Plaintiff's request to proceed *in*

*forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the

Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff pleads his claims in three short and substantially similar documents, each of which is labeled as a complaint and captioned for this court; an affidavit from Plaintiff; a letter of intent to sue from counsel on behalf of non-parties Shavena Wilson and Essence Parker that is

2

captioned for the State of New York Court of Claims; and numerous pages of photographs and other "exhibits." The following allegations are drawn from Plaintiff's submission.[1]

On October 23, 2024, unnamed state troopers from New York State Police Troop K and VGNET engaged in an "[i]llegal search and seizure during a drug raid" of Plaintiff's home that resulted in the "[u]nlawful arrest" of Plaintiff and non-party Shavena Wilson based on "fabricated charges." (ECF 1, at 2.) Plaintiff appears to suggest that the search was carried out pursuant to a warrant, but he asserts that the warrant was not valid. (*See id.* at 2-3.) He alleges that the officers destroyed "private surveillance equipment and property" during execution of the warrant, and seized $11,000 in cash. (*Id.* at 2.) The incident inflicted "trauma" on his pregnant daughter, Essence Parker. (*Id.*) Plaintiff further alleges that the officers issued "false reports" (*id.*), and "fabricated drug weights – claiming the same 55g and 38g in both possession and sale charges" (*id.* at 3).

Plaintiff describes other ways in which he believes evidence was fabricated or tampered with, such as the "[r]ed straw and dollar bill in lab photos does not match scene photos" and that there was "[n]o timestamped video or bodycam evidence of alleged drug sales." (*Id.* at 5.)

The attached letter of intent to sue filed by counsel for Shavena Wilson and Essence Parker alleges that New York State Troopers entered and searched their property and falsely arrested and prosecuted Wilson. (*See id.* at 10-11.)

Among the attachments to the complaint is a Certificate of Disposition from the Poughkeepsie City Court showing that charges against Plaintiff related to operating a vehicle without a license and registration were dismissed. (*See id.* at 51) That document indicates that

---

[1] The Court quotes from these submissions verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

those charges arose from an arrest that occurred on September 26, 2024, approximately one month before the officers allegedly raided Plaintiff's home. (*Id.*)

Also included among the attachments to the complaint is an undated letter from Plaintiff addressed to "NYS Troopers barracks troop k" with the subject "Notice of intent to sue," which states that, on October 23, 2024, the same date as the search of Plaintiff's home, unnamed officers pulled Plaintiff over for "alleged traffic violations" without probable cause. (*Id.* at 53.) When Plaintiff "provided proper documentation as to why [he] no longer had or needed a NYS drivers license" the officer "ignored the documents and proceeded to arrest [Plaintiff] and search [his] uncle's car." (*Id.*) The officers took Plaintiff to the barracks before proceeding to Plaintiff's house, where they handcuffed Wilson and forced Parker into the kitchen while the officers "destroyed [Plaintiff's] house and took down [his] surveillance cameras as they stole money out of [his] 2 safes." (*Id.*)

Plaintiff also attaches various documents from the New York State Forensic Investigation Center and the New York State Crime Laboratory relating to evidence seized during the search and used in a state court prosecution of Wilson, as well as documents in which Wilson challenges the jurisdiction of the court to prosecute her.[2]

Plaintiff seeks money damages, unspecified injunctive relief "to prevent future misconduct," and return of "seized funds and property." (*Id.* at 6.)

---

[2] Public records maintained by the New York State Unified Court System show that, as a result of the October 23, 2024 search of Plaintiff's and Wilson's home, Wilson is being prosecuted in the Dutchess County Court for various drug-related charges. *See People v. Wilson*, Index No. 70233-23/001 (Dutchess Cnty. Ct.).

**DISCUSSION**

**A.    Claims on behalf of others**

Plaintiff attaches to the complaint a letter of intent to sue written by counsel on behalf of Shavena Wilson and Essence Parker, and many of his allegations and exhibits relate to harms experienced by Wilson and Parker. As a nonlawyer, however, Plaintiff can only represent his own interests. *See* 28 U.S.C. § 1654; *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause." (internal quotation marks and citation omitted)); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (noting that Section 1654 "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself'"); *see also Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005) (holding that it is "a well-established general rule in this Circuit that a parent not admitted to the bar cannot bring an action pro se in federal court on behalf of his or her child"). The Court therefore dismisses without prejudice any claims Plaintiff is attempting to assert on behalf of Shavena Wilson and Essence Parker.

**B.    Claims against the VGNET Drug Task Force**

The Court must dismiss Plaintiff's claims against the VGNET Drug Task Force, which is a unit of the New York State Police Department. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. The New York State Police, including its subdivisions and units, is an agency of the State of New York that is afforded Eleventh Amendment immunity. *See, e.g.,*

5

*Riley v. Cuomo*, No. 2:17-CV-01631 (ADS) (AYS), 2018 WL 1832929, *4 (E.D.N.Y. Apr. 16, 2018) (holding that the New York State Police, as a division in the executive department of the state, is immune from claims under Section 1983); *Finkelman v. New York State Police*, No. 06-CV-8705 (JSR), 2007 WL 4145456, *3 (S.D.N.Y. Nov. 15, 2007) (holding that the Eleventh Amendment barred the plaintiff's suit seeking monetary damages under Section 1983 against New York State Police) (citing *Morrongiello v. Ashcroft*, No. 01-CV-2524 (SHP), 2004 WL 112944, *2 (S.D.N.Y. Jan. 22, 2004)). Eleventh Amendment immunity shields states and their agencies from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984).

New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). The Court therefore dismisses Plaintiff's Section 1983 claims against the VGNET Drug Task Force as barred by the Eleventh Amendment. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

**C.      Personal involvement**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks omitted)). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their

6

subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official[.]" *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff names as Defendants New York State Troopers P.J. Ohlerich and Benjamin Sloat. Although Trooper Sloat's name appears as an investigator on documents relating to the arrest and prosecution of Wilson (*see, e.g.*, ECF 1, at 41, 44-49), Plaintiff alleges no facts showing how Troopers Ohlerich and Sloat were personally involved in the events giving rise to his claims. Plaintiff therefore fails to a state a claim against these defendants.

The Court grants Plaintiff leave to file an amended complaint alleging facts showing how these defendants were involved in the events giving rise to his claims and curing the deficiencies identified below.

### D.     Claims for malicious prosecution

Plaintiff's allegations suggest that he is attempting to assert a claim of malicious prosecution. To state a claim for malicious prosecution under Section 1983, a plaintiff must allege facts showing: (1) that the defendant initiated or continued a prosecution against the plaintiff; (2) that the defendant lacked probable cause to commence the proceeding or believe the proceeding could succeed; (3) that the defendant acted with malice; and (4) that the prosecution was terminated in the plaintiff's favor. *See Fulton v. Robinson*, 289 F.3d 188, 195 (2d Cir. 2002). "To demonstrate a favorable termination of a criminal prosecution for purposes of the Fourth Amendment claim under § 1983 for malicious prosecution, a plaintiff need only show that his prosecution ended without a conviction." *Thompson v. Clark*, 596 U.S. 36, 39 (2022).

To the extent Plaintiff is attempting to assert a malicious prosecution claim arising from the October 23, 2024 search and seizure of drugs at his house or his prosecution for the alleged

traffic violations for which he was arrested on that day, he fails to state a claim because he does not allege that a prosecution arising from those events was ever commenced against him (he has only proffered documentation relating to a state prosecution of Shavena Wilson). As explained above, he cannot bring a claim on Wilson's behalf.

To the extent he is attempting to assert a malicious prosecution claim related to the charges against him for operating a vehicle without a license and registration arising from a September 26, 2024 arrest, charges which Plaintiff alleges were dismissed, he alleges no facts suggesting that any individual initiated or continued that prosecution without probable cause. Plaintiff therefore fails to state a malicious prosecution claim.

**E.      Claims for fabrication of evidence**

Plaintiff alleges that Defendants fabricated evidence. The only facts he proffers in support of such a claim, however, relate to the prosecution of Shavena Wilson. (*See* ECF 1, at 3 (stating that, as a result of allegedly fabricated evidence, "Shavena Wilson is being falsely accused and framed").) In fact, Plaintiff does not allege that he was charged with a crime or prosecuted at all with respect to the allegedly fabricated evidence. As explained above, Plaintiff cannot bring a claim on behalf of Wilson. The Court therefore dismisses Plaintiff's fabrication of evidence claims for failure to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii).

**F.      Claims for false arrest**

Plaintiff also appears to be asserting claims, under Section 1983, of false arrest. A claim for false arrest under Section 1983 looks to state law as a starting point to determine the elements of a claim for false arrest. *See Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 925 (2017) ("[T]o flesh out the elements of this constitutional tort, we must look for 'tort analogies.'"); *see also Lanning v. City of Glens Falls*, 908 F.3d 19, 25 (2d Cir. 2018) (holding that common law

principles are meant simply to guide rather than to control the definition of Section 1983 claims and courts should not "mechanically apply" the law of New York State); *Boyd v. City of New York*, 336 F.3d 72, 75 (2d Cir. 2003).

To establish a false arrest claim under New York law, a plaintiff must show that: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Liranzo v. United States*, 690 F.3d 78, 95 (2d Cir. 2012). An arrest is privileged if it is based on probable cause. *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) ("The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest." (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (internal quotation marks omitted)).

If "the facts known by the arresting officer at the time of the arrest objectively provided probable cause to arrest," the arrest is privileged, and the plaintiff cannot state a claim for false arrest. *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). Officers have probable cause to arrest when they have "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed . . . a crime." *Jaegly v. Couch*, 439 F.3d 149, 152 (2d Cir. 2006). "Probable cause can exist even where it is based on mistaken information, so long as the arresting officer acted reasonably and in good faith in relying on that information." *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994); *see also Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) (holding that a police officer is "not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest."). Put another way, police

officers may have had probable cause to arrest if they acted reasonably, even if they were mistaken.

An arrest pursuant to a warrant is presumed to be reasonable under the Fourth Amendment because such warrants are issued only after a showing of probable cause. *Walczyk v. Rio*, 496 F.3d 139, 155-56 (2d Cir. 2007); *see Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012) ("Where the alleged Fourth Amendment violation involves a search or seizure pursuant to a warrant, the fact that a neutral magistrate has issued a warrant is the clearest indication that the officers acted in an objectively reasonable manner[.]"). A plaintiff may rebut the presumption of probable cause and state a false arrest claim "only if he alleges facts suggesting that the arrest warrant was facially invalid or that it was procured through fraud, perjury, or the misrepresentation or falsification of evidence." *Vasquez v. Reilly*, No. 15-CV-9528 (KMK), 2017 WL 946306, at *7 (S.D.N.Y. Mar. 9, 2017).

Plaintiff's various submissions include facts showing that he was arrested on September 26, 2024, for charges related to operating a vehicle without a license and registration (*see* ECF 1, at 51), and that he was pulled over for "alleged traffic violations" and arrested for not having a valid driver's license on October 23, 2024 (*id.* at 53.)[3] Beyond his conclusory assertions, however, Plaintiff alleges no facts suggesting that the officers lacked probable cause for pulling him over or arresting him. Furthermore, Plaintiff does not name as defendants, or even identify, the officers whom he alleges violated his rights.

---

[3] Plaintiff appears to allege that it was after he was taken into custody as a result of this last arrest that state troopers searched his home. In other words, Plaintiff does not appear to allege that he was falsely arrested again at his home at the time of the search.

The Court grants Plaintiff leave to amend his false arrest claims to identify and name as defendants the individual officers whom he alleges falsely arrested him and to allege facts suggesting that he was arrested without a valid warrant and without probable cause.

### G.    Fourth Amendment claims for unreasonable search and seizure

The Fourth Amendment protects the rights of the people "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "It is a 'basic principle of Fourth Amendment law' that searches and seizures inside a home without a warrant are presumptively unreasonable." *Payton v. New York*, 445 U.S. 573, 586 (1980) (internal citation omitted). "[P]olice officers need either a warrant or probable cause plus exigent circumstances in order to make a lawful entry into a home." *Loria v. Gorman*, 306 F.3d 1271, 1283 (2d Cir. 2002). However, searches and seizures conducted "pursuant to a warrant issued by a neutral magistrate [are] presumed reasonable because such warrants may issue only upon a showing of probable cause." *Walczyk v. Rio*, 496 F.3d 139, 155-56 (2d Cir. 2007). A plaintiff may overcome this presumption if he can "show that the affiant knowingly and deliberately, or with a reckless disregard of the truth, made false statements or material omissions in his application for a warrant, and that such statements or omissions were necessary to the finding of probable cause." *Velardi v. Walsh*, 40 F.3d 569, 573 (2d Cir. 1994). In short, when officers conduct a search and seize property pursuant to a signed warrant, unsupported assertions that police officers lacked probable cause to do so are not sufficient to state a claim under Section 1983. *Calderon v. City of New York*, 138 F. Supp. 3d 593, 604 (S.D.N.Y. 2015) (holding that under Section 1983, "[u]nsupported conclusory allegations of falsehood or material omission cannot support a challenge to the validity of [a] warrant; rather, the plaintiff must make specific allegations supported by an offer of proof" (internal quotation marks omitted)).

Here, Plaintiff alleges that his Fourth Amendment rights were violated when unnamed officers searched his home and seized his property. It is unclear from the complaint whether the search and seizure were conducted pursuant to a warrant. Plaintiff appears to state that the search was conducted pursuant to a warrant. (*See, e.g.*, ECF 1, at 1 (stating that his property was destroyed "during execution of the warrant").) Plaintiff also alleges that his home was searched "without a valid warrant." (*Id.* at 3.) To the extent Plaintiff is alleging that the officers had a warrant to search his home, but that the warrant was not "valid," he alleges no facts showing that the warrant was obtained based on false statements or material omissions in the warrant application. Plaintiff's "[u]nsupported conclusory allegations" that the warrant was invalid or that the officers lacked probable cause are insufficient. *Calderon*, 138 F. Supp. 3d at 604. Finally, as with his other claims, Plaintiff does not identify or name as defendants the individual police officers whom he alleges violated his Fourth Amendment rights.

The Court grants Plaintiff leave to file an amended complaint in which he names as defendants the individual officers that he alleges violated his Fourth Amendment rights, and alleges facts suggesting that the officers lacked probable cause for the search and seizure, either because they lacked a warrant and did not have probable cause and exigent circumstances or that they had a warrant but that the warrant was invalid. Conclusory assertions are not sufficient.

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid

12

claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state valid Section 1983 claims on his own behalf, the Court grants Plaintiff 60 days' leave to amend his complaint to cure the deficiencies identified above.

Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

### PRO SE LAW CLINIC

Plaintiff is advised that there is a Pro Se Law Clinic available to assist self-represented parties in civil cases. The Clinic may be able to provide Plaintiff with advice in connection with her case. The Pro Se Law Clinic is run by a private organization called the City Bar Justice Center; it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any self-represented party through the Pro Se Intake Unit).

To make an appointment, Plaintiff must complete the City Bar Justice Center's intake form. If Plaintiff has questions about the intake form or needs to highlight an urgent deadline already disclosed in the form, the clinic can be contacted by phone (212-382-4794) or email (fedprosdny@nycbar.org). In-person appointments in the Thurgood Marshall Courthouse in Manhattan and the Charles L. Brieant Jr. Federal Building and Courthouse in White Plains are available Monday through Thursday, 10am to 4pm. Appointments are also available remotely Monday through Friday, 10am to 4pm.

13

**CONCLUSION**

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 25-CV-6299 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    December 8, 2025
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

**-against-**

_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

____ Civ. _____ ( ____ )

**AMENDED
COMPLAINT**

Jury Trial:  □ Yes    □ No
(check one)

**I.    Parties in this complaint:**

A.    List your name, address and telephone number. If you are presently in custody, include your identification number and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff        Name _____
                 Street Address _____
                 County, City _____
                 State & Zip Code _____
                 Telephone Number _____

B.    List all defendants. You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

*Rev. 12/2009*                    1

Defendant No. 1    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


Defendant No. 2    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


Defendant No. 3    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


Defendant No. 4    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


**II.    Basis for Jurisdiction:**

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.    What is the basis for federal court jurisdiction? *(check all that apply)*

☐ Federal Questions                ☐ Diversity of Citizenship

B.    If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____

_____

_____

C.    If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____

Defendant(s) state(s) of citizenship _____

_____

*Rev. 12/2009*                2

**III.    Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case.    Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    Where did the events giving rise to your claim(s) occur? _____

_____

B.    What date and approximate time did the events giving rise to your claim(s) occur? _____

_____

_____

C.    Facts: _____

_____

**What happened to you?**

_____

_____

_____

**Who did what?**

_____

_____

_____

_____

**Was anyone else involved?**

_____

_____

**Who else saw what happened?**

_____

_____

_____

_____

**IV.    Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

_____

_____

_____

_____

_____

_____

*Rev. 12/2009*                                                        3

**V.      Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20__.

          Signature of Plaintiff      _____

          Mailing Address            _____

                                      _____

                                      _____

          Telephone Number          _____

          Fax Number *(if you have one)* _____

Note:    All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners must also provide their inmate numbers, present place of confinement, and address.

For Prisoners:

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

          Signature of Plaintiff:      _____

          Inmate Number              _____

*Rev. 12/2009*                                        4

# FEDERAL PRO SE LEGAL ASSISTANCE PROJECT
## in the Southern District of New York (SDNY)



## ABOUT THE PROJECT

The Federal Pro Se Legal Assistance Project (Fed Pro) provides limited assistance to self-represented litigants (plaintiffs and defendants) with cases involving civil legal matters in the United States District Court for the Southern District of New York (SDNY).

## HOW TO SCHEDULE AN APPOINTMENT

To schedule an appointment for assistance with City Bar Justice Center's Fed Pro project, you must first complete our online Intake Form.

- Our online Intake Form is accessible via one of these methods:
  - Scan the QR code to the right.
  - Go to bit.ly/prosesdny
- Once on the City Bar Justice Center Federal Pro Se Legal Assistance page, scroll down to "**SDNY**" and then click "**APPLY FOR HELP**" to be taken to the Intake Form.
- When the Intake Form asks: "How can we help you", please select "**Federal Court Case**" from the drop-down menu. The Fed Pro SDNY office will receive your application ONLY if you select "federal court case." If you select anything else, you will need to re-complete your application.

Once you complete the form, someone will contact you, usually within five business days, to schedule an appointment. If you are not able to complete the Intake Form, please call **(212) 382-4794,** leave a detailed message, and wait for us to call you back, typically within five business days.

## HOW WE HELP

**While we cannot provide full representation,** we can assist litigants by providing limited-scope services such as:

 **Counseling** about potential federal claims prior to filing suit

 Consulting on **discovery** matters

 **Interpreting and explaining** federal law and procedure

 Assisting with the **settlement** process (including **mediation**)

 **Reviewing drafted pleadings** and correspondence with the Court