UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARREN PARKER,

*Plaintiff*,

-against-

TROOPER P.J. OHLERICH #3014 (NYSP
TROOP K); TROOPER BENJAMIN SLOAT
#762 (VGNET); JOHN/JANE DOES 1-10;
NEW YORK STATE POLICE; VGNET DRUG
TASK FORCE,

*Defendants*.

25-CV-6299 (KMK)

ORDER OF SERVICE

KENNETH M. KARAS, United States District Judge:

Plaintiff, who appears pro se, brings this Action under 42 U.S.C. § 1983, alleging

Defendants violated his federal constitutional rights.[1]  (*See* Am. Compl. (Dkt. No. 8).)  By order

dated September 16, 2025, the Court granted Plaintiff's request to proceed in forma pauperis

("IFP"), that is, without prepayment of fees.  (*See* Order (Dkt. No. 4).)

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the

Court and the U.S. Marshals Service to effect service.[2]  *Walker v. Schult*, 717 F.3d. 119, 123 n.6

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (mandating that courts order the Marshals

Service to serve if the plaintiff is authorized to proceed IFP).

---

[1] By order dated December 10, 2025, Chief Judge Laura Taylor Swain directed Plaintiff to file an amended complaint (Dkt. No. 6), which he did on January 5, 2026.  The Amended Complaint (Dkt. No. 8) is the operative pleading.

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the Complaint and ordered that any summonses be issued.  The Court therefore extends the time to serve until 90 days after the date any summonses issue.

To allow Plaintiff to effect service on Troopers Ohlerich and Sloat through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these Defendants.[3]

If the Complaint is not served within 90 days after the date on which the summonses are issued, Plaintiff must request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

The Clerk of Court is respectfully directed to issue summonses for Troopers Ohlerich and Sloat, complete the USM-285 form with the address for each Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service. The Clerk of Court is further directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:   February 9, 2026
         White Plains, New York

         KENNETH M. KARAS
         United States District Judge

---

[3] Because Plaintiff does not allege any facts showing how the John/Jane Doe Defendants were involved in the events giving rise to his claims, or provide any information that would allow NYSPD to identify them, the Court declines to issue an order under *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997), as to these Defendants at this time.

## SERVICE ADDRESS FOR EACH DEFENDANT

1.    Trooper P.J. Ohlerich #3014
New York State Police Troop K
2541 Route 44
Salt Point, NY 12578

2.    Trooper Benjamin Sloat #762
New York State Police Troop K
2541 Route 44
Salt Point, NY 12578