UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARREN PARKER,

*Plaintiff*,

v.

TROOPER P.J. OHLERICH #3014 (NYSP
TROOP K); TROOPER BENJAMIN SLOAT
#762 (VGNET); JOHN/JANE DOES 1-10;
NEW YORK STATE POLICE; VGNET DRUG
TASK FORCE,

*Defendants*.

Case No. 25-CV-6299 (KMK)

ORDER OF DISMISSAL

KENNETH M. KARAS, United States District Judge:

Plaintiff Darren Parker, proceeding pro se, brings this this Action under 42 U.S.C.

§ 1983, alleging Defendants violated his federal constitutional rights.[1]  (*See* Am. Compl.

("FAC") (Dkt. No. 8).)  In his Amended Complaint, Plaintiff seeks monetary damages,

declaratory relief, and "injunctive relief to prevent similar unconstitutional conduct" in the

future.  (*Id.* at Sec. V, Relief.)[2]  By order dated September 16, 2025, the Court granted Plaintiff's

request to proceed in forma pauperis ("IFP"), that is, without prepayment of fees.  (*See* Order

(Dkt. No. 4).)  On February 9, 2026, the Court ordered the U.S. Marshals to serve Defendants

Trooper Benjamin Sloat ("Sloat") and Trooper P.J. Ohlerich ("Ohlerich").  (*See* Order of Service

---

[1] By order dated December 10, 2025, Chief Judge Laura Taylor Swain directed Plaintiff to file an amended complaint, (*see* Order (Dkt. No. 6)), which he did on January 5, 2026, (*see* FAC).  Thus, Plaintiff's Amended Complaint is the operative pleading.

[2] Plaintiff's Amended Complaint is organized by numbered sections and paragraphs and does not contain page numbers.  While this is a perfectly acceptable method of organization, there are two Section IIIs, two Section IVs, and two Section Vs, each with different headers. Accordingly, for the sake of clarity, the Court refers to each of these Sections with the relevant header.

(Dkt. No. 11).)  Plaintiff also names the New York State Police Department ("NYSPD") and the "VGNET Drug Task Force," which the Court understands to be NYSPD's Violent Gang and Narcotics Enforcement Team (collectively the "State Defendants"), as Defendants in this Action.[3]  (*See* FAC.)

On February 9, 2026, the Court issued an Order To Show Cause, directing Plaintiff to explain how his claims against the State Defendants are not barred by lack of standing or Eleventh Amendment state sovereign immunity.  (*See* Order To Show Cause (Dkt. 12).)  On February 24, 2026, Plaintiff replied, explaining that he seeks injunctive relief against individual Defendants Sloat and Ohlerich, (*see* Pl.'s Resp. to Order To Show Cause ("Pl.'s Resp.") ¶ 2 (Dkt. No. 14)), and does not oppose the Court's dismissal of the State Defendants on Eleventh Amendment grounds, (*id.* ¶ 4).  For the reasons set forth below, the State Defendants are dismissed from this Action, and Plaintiff's request for injunctive relief against Defendants Sloat and Ohlerich is denied for lack of standing.

B.  NYSPD and VGNET

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ."  *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (quotation marks omitted) (quoting *Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 235 (2d Cir. 2006)).  "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms

---

[3] Plaintiff also names "John/Jane Does #1–10" as Defendants in this Action.  (*See generally* FAC.)  However, because Plaintiff does not allege any facts showing how these individuals were involved in the events giving rise to his claims, the Court declined to issue an order to attempt to identify them at this time.  (*See* Order of Service 2 n.3).  Should Plaintiff wish to continue to pursue claims against these individuals, he will need to further amend his Amended Complaint to explain how they are involved in the events giving rise to his claims.

of a state." *Id*. Eleventh Amendment immunity generally shields states and their agencies from claims for monetary damages, injunctive relief, and declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72–74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984).

As relevant here, NYSPD, including its subdivisions and units, is an agency of the State of New York that is afforded Eleventh Amendment immunity. *See, e.g.*, *Riley v. Cuomo*, No. 17-CV-1631, 2018 WL 1832929, at *4 (E.D.N.Y. Apr. 16, 2018) (holding that NYSPD, as a division in the executive department of the state, is immune from Section 1983 claims); *Finkelman v. N.Y. State Police*, No. 06-CV-8705, 2007 WL 4145456, at *3–4 (S.D.N.Y. Nov. 15, 2007) (dismissing the plaintiff's suit seeking monetary damages under Section 1983 against NYSPD because it is an arm of the state and therefore shielded by state sovereign immunity), *report and recommendation adopted by* 2008 WL 821833 (S.D.N.Y. Mar. 26, 2008); *Morrongiello v. Ashcroft*, No. 01-CV-2524, 2004 WL 112944, at *2 (S.D.N.Y. Jan. 22, 2004) (same). Accordingly, Plaintiff cannot seek monetary relief, declaratory relief, or injunctive relief against the State Defendants, and his claims against them are dismissed.

### B. Sloat and Ohlerich

In his Amended Complaint, Plaintiff seeks an injunction against Defendant Officers Sloat and Ohlerich to prevent them from carrying out "similar unconstitutional conduct" against him in the future. (FAC Sec. V, Relief; Pl.'s Resp. ¶ 2.) Plaintiff's Amended Complaint does not make clear whether he is suing Ohlerich and Sloat in their personal or individual capacities, (*see generally id.*), but in response to the Court's Order To Show Cause, Plaintiff explained that he "resides in the same jurisdiction where [Sloat and Ohlerich] operate and remains subject to future encounters with them in their *official capacities* as law enforcement officers[,]" (Pl.'s Resp. ¶ 2)

(emphasis added).  State officers acting in their official capacities are generally shielded by state sovereign immunity, *See Collins v. City Univ. of N.Y.*, No. 21-CV-9544, 2023 WL 1818547, at *4 (S.D.N.Y. Feb. 8, 2023) (explaining that Eleventh Amendment "sovereign immunity extends to claims against state officials for acts committed in their official capacities." (citation omitted); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her individual capacity is not a suit against the official but rather is a suit against the official's office.  As such, it is no different from a suit against the State itself." (citations omitted)), however, an exception to state sovereign immunity first announced in *Ex parte Young*, 209 U.S. 123 (1908), permits plaintiffs seeking prospective, injunctive relief to sue state government officials for future violations of federal law, *id.* at 133; *see also Gingras v. Think Finance, Inc.*, 922 F.3d 112, 121 (2d Cir. 2019) ("Ex parte Young permits plaintiffs seeking prospective, injunctive relief to sue state government officials for violations of federal law." (citation omitted)).  However, the *Ex parte Young* exception to state sovereign immunity does not exempt a plaintiff from having to demonstrate standing to bring such a suit.  *See, e.g.*, *Safe Haven Home Care, Inc. v. U.S. Dep't of Health & Human Servs.*, 681 F. Supp. 3d 195, 209 (S.D.N.Y. 2023) (evaluating whether the plaintiffs had standing to bring suit after determining that state sovereign immunity did not necessarily bar the plaintiff's request for future injunctive relief against the state official defendants); *Greater Chautauqua Fed. Credit Union v. Marks*, 600 F. Supp. 3d 405, 423 (S.D.N.Y. 2022) (same).

To establish standing, a plaintiff must make three familiar showings: "an injury in fact"; "a causal connection between the injury and the conduct complained of"; and a likelihood "that the injury will be redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (citations and quotation marks omitted).  Because Plaintiff seeks injunctive relief,

4

a forward-looking remedy, he "cannot rely on past injury to satisfy the injury requirement but must show a likelihood that he . . . will be injured in the future." *Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340, 344 (2d Cir. 1998) (citation omitted). Although past incidents can be "evidence bearing 'on whether there is a real and immediate threat of repeated injury,'" past harm alone is insufficient to establish a likelihood of future harm. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974)); *see also Nicholas v. Trump*, 433 F. Supp. 3d 581, 587 (S.D.N.Y. 2020) ("'[A]llegations of *possible* future injury are not sufficient,' nor is 'past exposure to illegal conduct[.]'" (emphasis in original) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) and *Lyons*, 461 U.S. at 102)).

The Second Circuit has acknowledged that "[i]n the context of claims brought under [Section] 1983, the Supreme Court's decision in '*City of Los Angeles v. Lyons* occupies much of this territory.'" *Morales v. City of New York*, No. 24-CV-1866, 2025 WL 2097600, at *4 (E.D.N.Y. July 25, 2025) (quoting *Shain v. Ellison*, 356 F.3d 211, 215 (2d Cir. 2004)). In *Lyons*, the Supreme Court held that the plaintiff, who was placed in a chokehold by police during a traffic stop, lacked standing to seek injunctive relief barring the defendant police force's officers from indiscriminately applying chokeholds in the future because, while the plaintiff's past injury served as a predicate for compensatory damages, it did "nothing to establish a real and immediate threat" that the plaintiff would "again be wronged in a similar way." 461 U.S. at 105, 111. Applying the same logic as *Lyons*, lower courts have consistently held that plaintiffs cannot rely on past injuries to seek injunctions barring future similar conduct because the notion that a plaintiff will be subject to the same conduct in a future encounter with police is "entirely conjectural." *Shain*, 356 F.3d at 215; *see also, e.g., Wholean v. CSEA SEIU Loc. 2001*, No. 18-CV-1008, 2019 WL 1873021, at *3 (D. Conn. Apr. 26, 2019) (holding that the "[p]laintiffs

5

cannot assert a claim for prospective [injunctive] relief based on past unconstitutional conduct that has now ceased or based on a subjective belief that the unconstitutional conduct may reoccur"); *Morales*, 2025 WL 2097600, at \*5 (dismissing the plaintiff's request for injunctive relief because he could not use past harm to "establish a sufficient likelihood" that he would be subject to similar conduct in the future).

Here, *Lyons* and its progeny bar Plaintiff's request for injunctive relief against Defendants Ohlerich and Sloat because Plaintiff's allegations of past harm are insufficient to establish a "real or immediate threat" of future injury. *Lyons*, 461 U.S. at 111. While "there is no question that Plaintiff has sufficiently alleged past injury related to his requested relief[,]" *Morales*, 2025 WL 2097600, at \*4, he has not established with sufficient certainty that he will be subject to similar future unconstitutional conduct by Sloat and Ohlerich. Accordingly, his claim for injunctive relief is dismissed without prejudice for lack of subject matter jurisdiction. *See Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 76 (2d Cir. 2022) (explaining that, even at the pleading stage, standing may not be premised on conclusory allegations of future harm); *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 433 F.3d 181, 198 (2d Cir. 2005) (noting that without standing "a court has no subject matter jurisdiction" to hear a plaintiff's claim).

<u>Conclusion</u>

In sum, Plaintiff's claims against the State Defendants are dismissed as barred by the Eleventh Amendment, and Plaintiff's request for injunctive relief against Defendants Sloat and Ohlerich is denied for lack of subject matter jurisdiction. However, to the extent Plaintiff asserts claims for monetary damages and declaratory relief against Defendants Sloat and Ohlerich in their personal capacities, those claims remain viable. The Clerk of Court is respectfully

requested to dismiss the State Defendants from this Action and mail a copy of this Order to

Plaintiff.

SO ORDERED.

Dated:  April 10, 2026
        White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE